PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2006 Chevrolet Malibu was covered with what he alleged to be solidified cement dust that had fallen from Third Street Bridge construction above Merchant Street in Fairmont, Marion County. The Third Street Bridge is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below. The incident giving rise to this claim occurred sometime overnight between the evening and early morning hours of November 19-20, 2009. Claimant, Jason Palmer, arrived home from work on October 19th at approximately 6:00 p.m. and parked his vehicle beneath the Third Street Bridge, as he does every day. When Claimant returned to his car the next morning at approximately 5:50 a.m. he discovered the vehicle covered with stipples of what appeared to be concrete dust particles that had bonded and solidified after coming in contact with moisture Claimant testified that after his father informed him that construction was taking place on the Third Street Bridge, Claimant found the construction supervisor and together they identified where the particles had dripped from the bottom of the bridge and onto Claimant’s vehicle. As a result of this incident, Claimant’s vehicle sustained damage to roof, windshield, passenger window, hood, back windshield, and rear bumper in the amount of $507.53. Since Claimant’s insurance declaration sheet indicates that his collision deductible is $500.00, Claimant’s recovery is limited to that amount.
The position of the Respondent is that it did not have actual or constructive notice of material dripping off of the Third Street Bridge at the time of the incident. Michael Roncone, Highway Administrator for Respondent in Marion County, was the supervisor that Claimant approached after he discovered the concrete dust on his vehicle. Mr. Roncone testified that the Third Street Bridge, part of Route 310, is maintained by Respondent, while Merchant Street (where Claimant’s car was parked) is maintained by the City of Fairmont. Mr. Roncone stated his crews had begun construction work on the bridge a few days before the incident, which involved jack hammering out three to four inches of concrete on the bridge deck for later patching - a dusty process. According to Mr. Roncone, after being approached by Claimant on the day of the incident, he observed Claimant’s vehicle parked under the bridge with a filmy white substance spilled on the hood, roof, windows, and down the sides *182 of the car. Mr. Roncone testified that it was unlikely that whatever material was present on Claimant’s car came from the bridge, because there were no expansion cracks or drainage vessels on the bridge, above where Claimant’s car was parked.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safely of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Prittv. Dept of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dept of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the construction that was taking place on the Third Street Bridge, and that jack hammering on the bridge deck kicked up concrete dust. Since the resolidification of concrete dust on top of vehicles, permitted to park beneath the Third Street Bridge, during bridge construction created a foreseeable harm to the public, the Court finds Respondent negligent.
It is the opinion of the Court of Claims that the Claimant should be awarded the sum of $500.00.
Award of $500.00.